## Howey v. Colonial Penn Insurance Company

*Roger Mattes,* for plaintiff.
*John Appleton,* for defendant.

KOSIK, *J.,* June 11, 1976 — This matter is before the court on plaintiff 's petition for confirmation of the award of arbitrators, and approval of plaintiff 's bill of costs. Defendant does not challenge the arbitrator's award, but contends that the bill of costs is improper. We agree that the circumstances of the instant case do not warrant an award of costs to plaintiff.

Plaintiff, an insured, and defendant, an insurance company, entered into a contract of automobile and personal injury insurance. The contract contained a clause providing for arbitration of disputes concerning claims made under the uninsured motorist provisions of the policy. After an automobile accident, plaintiff made a claim under these policy provisions, which claim was disputed by defendant. Instead of submitting the matter to arbitration as required by the policy of insurance, plaintiff filed a complaint in this court. Defendant then filed preliminary objections contesting jurisdiction and urging arbitration procedures. These objections were dismissed. Appeal was taken to the Superior Court, and that appeal was quashed by per curiam order filed April 22, 1975, No. 966 October Term, 1974. Although two concurring

opinions and one dissenting opinion were filed, the majority of the Superior Court was of the opinion that the lower court should hold all proceedings in abeyance until the matter could first be presented to arbitration, the forum which the litigants had freely chosen by contract. Pursuant to the opinion of the Superior Court, the parties were directed to submit their dispute to arbitration by order of this court dated May 5, 1975.

The case proceeded to arbitration before the American Arbitration Association, and plaintiff was awarded the sum of $4,500. By its terms, "this award is in full settlement of all claims submitted to this arbitration." Plaintiff is now entitled to confirmation of this award, as no objection is raised. It is the attached bill of costs which must be questioned and denied.

In Pennsylvania, costs may be awarded to a victorious party to litigation only as authorized by the legislature. See Act of July 21, 1941, P. L. 425, 28 P. S. §416.8, costs as to witness compensation; Act of April 15, 1907, P. L. 83, as amended, 12 P. S. §1193, costs as to paper books; and Act of May 19, 1897, P. L. 67, 12 P. S. §1160, costs of appeal. There is no statutory authority in this Commonwealth for judicial approval of costs incurred pursuant to contract arbitration. See Act of April 25, 1927, P. L. 381, 5 P. S. §161 et seq. as to Pennsylvania arbitration procedures. Since this court cannot make a de novo award of costs incurred by plaintiff pursuant to private arbitration, it is only those costs incurred in the course of judicial litigation which need be considered here. It also follows that costs can only be awarded to the winner in terms of the final outcome of that litigation.

An analysis of the aforementioned litigation requires the conclusion that plaintiff was not the vic-

torious party within the meaning of the various statutes governing cost awards, supra. It is true that defendant's appeal to the Superior Court was quashed. A contractual provision requiring arbitration does not oust a court of common pleas of jurisdiction, as defendants had maintained. However, the Superior Court did not rest at that. The court clearly held that arbitration pursuant to the provisions of the insurance contract was initially the proper forum. This court, acting on the instructions of the Superior Court, ordered the parties to arbitrate. This result was what plaintiff, at all times during the litigation, opposed, and what defendant, at all times, urged. It is difficult to see the result of this aspect of the litigation as anything but a defeat for plaintiff. Under these circumstances, plaintiff cannot qualify as a victorious party entitled to costs of action.

Moreover, it must be noted that plaintiff's initial resort to the courts rather than to private arbitration was determined by the Superior Court to be improper. Therefore, our denial of plaintiff's bill of costs is additionally predicated on the rationale that a party who is responsible for unnecessary and vexatious costs should not be rewarded for such, even if that party were the verdict winner: Taged, Inc., et al. v. Zoning Board of Adjustment, 6 Pa. Commonwealth Ct. 331, 295 A. 2d 339 (1972).

## ORDER

Now, June 11, 1976, it is hereby ordered that the award of the arbitrators is confirmed pursuant to existing statute.

Further, plaintiff's bill of costs is denied for reasons stated hereinabove.